FILED
JAMES J. WALDRON
APR 1 4 2003
U.S. BANKRUPTCY COURT
NEWARK, NJ
BY_____, DEPUTY

**COAN, LEWENDON, GULLIVER & MILTENBERGER, LLC**
495 Orange Street
New Haven, CT  06511
(203) 624-4756
Timothy D. Miltenberger - 2227
(Application to Admit Pro Hac Pending)

-and-

**ROTHBARD, ROTHBARD KOHN & KELLAR**
50 Park Place
Newark, NJ 07102
(973) 622-7713
(Local Counsel)
Jeffrey M. Rothbard - 2578
Attorneys for Steven Smith

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY
(Newark Vicinage)

| | |
|---|---|
| In re: | : Case No. 03-101RG |
| | : |
| BRITESTARR HOMES, INC., | : Chapter 11 |
| | : |
| Debtor. | : Hearing Date: April 21, 2003 @ |
| | : 11:00 a.m. |
| | : |

**CERTIFICATION OF TIMOTHY D. MILTENBERGER ON BEHALF OF STEVEN SMITH IN OPPOSITION TO PIPER RUDNICK, LLP'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND TO HOLD STEVEN SMITH IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA**

**TIMOTHY D. MILTENBERGER** hereby certifies as follows:

1.    I am an attorney at law admitted to practice in the State of Connecticut and I have an application pending to practice in this Court in the above-captioned matter pro hac vice.  I am a member of the firm of Coan, Lewendon, Gulliver & Miltenberger, LLC, counsel to Mr. Steven Smith.  I make this certification in response to Piper Rudnick, LLP's ("Piper") motion to compel compliance with subpoena and to hold Steven Smith in contempt for failure to obey subpoena (the "Contempt Motion").

### Introduction

2.    This matter arises out of a bankruptcy case pending in the United States Bankruptcy Court for the District of Connecticut styled *In re Britestarr Homes, Inc.*, Bankruptcy Case No. 02-50811 (AHWS) (the "Britestarr Bankruptcy").

3.    Piper filed the voluntary petition for Britestarr and is listed on the bankruptcy court docket as the attorney for the debtor. *See Exhibit A.* Piper filed the Britestarr bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York, but the case was transferred to the United States Bankruptcy Court for the District of Connecticut pursuant to a final order of United States Bankruptcy Judge Alan H.W. Shiff, presiding in Bridgeport, Connecticut.

4.    Despite its fiduciary obligations to Britestarr, Piper has made a motion to appoint a chapter 11 trustee over Britestarr (the "Trustee Motion"). The Trustee Motion is opposed by Piper's own client, Britestarr, Oak Point Property (which claims to own Britestarr), and by the Chapter 7 trustee of a related bankruptcy estate.

5.    Pursuant to an order of the United States Bankruptcy Court for the District of Connecticut, discovery on the Trustee Motion should have been completed by March 28, 2003. Under the order of the United States Bankruptcy Court for the District of Connecticut, the parties were required to disclose their witnesses and exhibits on or before April 7, 2003.

6.    On or about March 6, 2003, Piper served a subpoena on Mr. Steven Smith, the president of Britestarr, and the president of Oak Point Property, Inc. ("OPP"). The subpoena requested nearly identical information to a document request served upon OPP. By reason of an *unopposed* motion for extension of time to respond to Piper's discovery, OPP had until April 2, 2003 to respond to Piper's written discovery.

7.    Mr. Smith moved to quash the March 6 subpoena in the United States Bankruptcy Court for the District of Connecticut. The deposition notice associated with the subpoena was

2

issued under the caption of the United States Bankruptcy Court for the District of Connecticut, and the subpoena itself states that the case is in the District of Connecticut.

8.    Mr. Smith moved to quash the subpoena because he believed (1) it duplicated the document request to OPP, and (2) Piper sought confidential business information.

9.    On March 19, 2003, Piper inquired whether Mr. Smith would attend the deposition as requested in the subpoena. Mr. Smith responded that he would not unless, at a minimum, issues related to Mr. Smith's confidential business information were resolved.

10.    Piper never responded to Mr. Smith's concerns about confidential business communications.

11.    Instead, Piper responded to the substance of Mr. Smith's motion to quash in the United States Bankruptcy Court for the District of Connecticut. The motion to quash and Piper's opposition remains pending in the United States Bankruptcy Court for the District of Connecticut.

### Piper Rejected All of Mr. Smith's Good Faith Efforts to Resolve the Issues Raised by the Contempt Motion.

12.    Piper has made its motion for contempt without any effort to resolve the issues raised in the Contempt Motion with opposing counsel.

13.    Upon receipt of the Contempt Motion, counsel for Mr. Smith contacted counsel for Piper and advised Piper (1) that the document production of OPP would include all of the documents responsive to the subpoena served upon Mr. Smith, (2) OPP would agree to an amendment to the pretrial order entered in the United States Bankruptcy Court for the District of Connecticut allowing for the deposition of Mr. Smith after March 28, and (3) that Mr. Smith could be deposed on April 15, 2003.

14.    *On March 28, 2003, counsel for Mr. Smith confirmed his agreement to be deposed on April 15, and prepared and forwarded a proposed amended pretrial order to counsel for Piper. See Exhibit B.*

3

15.    On April 2, 2003, OPP provided answers to Piper's interrogatories and Piper's request for production. On April 3, 2003, OPP supplemented its document production to Piper. *The document production of OPP includes all documents responsive to Piper's subpoena on Mr. Smith.*

16.    Piper did not respond to OPP's offer to extend the discovery bar date on the Trustee Motion for eleven days.  Counsel for OPP and Mr. Smith called counsel for Piper on April 1, 2003, e-mailed counsel for Piper on April 2, 2003, *see Exhibit C* and responded to Piper's only call  on April 4, 2003.  *See Exhibit D.*  However, Piper did not respond to OPP's offer to amend the pretrial order entered by the United States Bankruptcy Court for the District of Connecticut until April 8, 2003.

17.    On April 7, 2003, because Piper failed to respond to OPP's offer to amend the pretrial order, both OPP and Britestarr filed its list of witnesses and exhibits with the United States Bankruptcy Court for the District of Connecticut.  Piper failed to file its list of witnesses and exhibits.

18.    Thus, rather than simply agree to an amendment of the pretrial order to allow for the offered deposition testimony of Mr. Smith, Piper forced OPP and Britestarr to file its list of witnesses and exhibits, allowing Piper to receive a "sneak preview" of its adversaries' cases.  The day that Piper received its "sneak preview," it contacted counsel for OPP and advised OPP that it would agree to an extension of the discovery bar date on the Trustee Motion, and that it sought a continuance of the trial date on the Trustee Motion.

19.    On April 8, 2003, OPP, and Britestarr (upon information and belief) refused to consent to an amendment of the pretrial order on the Trustee Motion because all of the deadlines in the pretrial order had passed, and OPP and Britestarr had disclosed their litigation strategy through the witness and exhibit lists filed pursuant to the pretrial order of the United States Bankruptcy Court for the District of Connecticut.

4

20.     As a result, Piper received all of the documents it subpoenaed from Mr. Smith and is prevented from taking Mr. Smith's deposition only because of orders of the United States Bankruptcy Court for the District of Connecticut.

21.     Piper never even attempted to resolve the issues raised by the Contempt Motion. Instead, it filed the Contempt Motion without ever speaking to Mr. Smith's counsel about Mr. Smith's concerns about confidential business information. When Mr. Smith, OPP and Britestarr agreed to amend orders and provide the requested discovery, Piper delayed and withheld its response until after it received its oppositions' witness and exhibits lists. Piper would not agree to amend the pretrial order until *after* it had the opportunity to review the evidence that its opponents would place before the United States Bankruptcy Court for the District of Connecticut.

22.     Because this Court cannot amend the pretrial order of the United States Bankruptcy Court for the District of Connecticut, and because Mr. Smith has produced the documents responsive to the subpoena and offered in good faith to be deposed (which offer was, as a practical matter, rejected by Piper), this Court should deny the motion for contempt.

### Piper Is Forum Shopping

23.     Piper states in Affidavit of Steven Goody in support of the Contempt Motion that Piper sought to depose Mr. Smith in New Jersey because "his residence is more that 100 miles from both the Bankruptcy Courthouse in Connecticut." This is false. Bridgeport is less than 100 miles from Brick, New Jersey. *See Exhibit E.*

24.     Assuming that Brick is more than 100 miles from Bridgeport, there is still no question that Mr. Smith is within the subpoena power of the United States Bankruptcy Court for the District of Connecticut. Mr. Smith is the president of the debtor, Britestarr (headquartered in Connecticut), and OPP. Both Britestarr and OPP have objected to the Trustee Motion. The United States Bankruptcy can (and would) order Mr. Smith to testify on behalf of either these

5

entities. Piper never even requested depositions of either of these parties – the parties that oppose its Trustee Motion.

25.     Piper comes before this Court because it is shopping for a more hospitable forum than the District of Connecticut. As stated above, Piper filed Britestarr's bankruptcy petition in the Southern District of New York and opposed the transfer of the case to Connecticut. Despite filing the petition, Piper failed to represent of Britestarr in the bankruptcy case, apply to be retained by the debtor, or withdraw as counsel for the debtor. Instead, Piper filed a proof of claim and the Trustee Motion, seeking to have its own client's management replaced.

26.     Incredibly, Piper objected to Britestarr's efforts to obtain replacement counsel. At the hearing on Piper's objection to Britestarr's application to retain bankruptcy counsel, Judge Shiff warned –

> [Counsel for OPP ] says [Piper] will still be attorneys of record because they haven't been given permission to withdraw. Then he points out that it seems that they're wearing two hats because they have a claim against the debtor, so they say they are a creditor of the debtor. Mr. Schrader [of Piper] pointed that out early in this hearing.
>
> He's [Mr. Schrader] a creditor of the debtor but he has not been given permission to withdraw as attorney for the debtor. So there is a conflict, it seems to me, unless there is a waiver of the fees and if that's the case, then he's [Mr. Schrader] not a creditor.

*Transcript of Hearing Before the Honorable Alan H.W. Shiff*, January 14, 2003, at p. 41, l. 24 - p. 42, l. 8. *See Exhibit F.* In sum, Piper's claim to be a party in interest in the Britestarr bankruptcy case is an unresolved issue in the Connecticut bankruptcy proceedings.

27.     Piper has filed papers related to the subpoena to Mr. Smith in the bankruptcy court in Bridgeport, Connecticut, and that forum is the appropriate one to resolve these issues because that is the forum in which the bankruptcy case and the Trustee Motion are pending. In the court where the Britestarr bankruptcy case is pending, Piper's conflicts of interest are well known. Thus, Piper seeks a more favorable forum.

6

28.    Piper's Contempt Motion should be denied so that the United States Bankruptcy

Court for the District of Connecticut may fully review the dispute between the parties.  This will

allow the issues between Piper, OPP, Britestarr, and Mr. Smith to be fully resolved without this

Court entering orders that might conflict with current or future rulings of the bankruptcy court

presiding over the Britestarr bankruptcy case.


I hereby certify that the statements contained herein are true to the best of knowledge and
belief and I am aware that I am subject to punishment if any of the statements are willfully made
false.

Date: April _l&_ , 2003

Timothy D. Miltenberger

EXHIBIT A

CONNECTICUT BANKRUPTCY COURT

**Searching for: 02-50811 | In: 23-Jan-03 02:15 PM | Out: 23-Jan-03 02:16 PM**

# Full Case Summary

### 02-50811 In re: Britestarr Homes, Inc.
**Case type: bk Chapter: 11 Asset: y Vol: v Judge: Alan H. W. Shiff**

**Office: Bridgeport   Fee: p   Joint: n   Reopen: 0   Reopen date: \*\*/\*\*/\*\***

**Filed: 05/20/02   Term: \*\*/\*\*/\*\*   Reterm: \*\*/\*\*/\*\***
**Disp:   County: 09001**
**Flags: TRANS**
**Discharged: \*\*/\*\*/\*\*   Status: Awaiting First Meeting**
**Party: 1 : Britestarr Homes, Inc. (db)**
**Atty: Deirdre A. Martini (203) (661-6000)   Represents party 1: db**
**Atty: Thomas R. Califano (212) (835-6000)   Represents party 1: db**

# U.S. Bankruptcy Court

## District of Connecticut (Bridgeport)

- *Bankruptcy Petition #:* **02-50811** *Date filed:* 5/20/02
  - *Assigned to:* **Chief Judge Alan H. W. Shiff**
    - **Chapter 11, voluntary, asset**

| * Parties * | * Attorneys * |
|---|---|
| **BRITESTARR HOMES, INC.**<br>120 Norrans Ridge Drive<br>Ridgefield, CT 06877<br>*Tax ID:* 13-3418362<br>* Debtor * | **Thomas R. Califano**<br>Piper Rudnick, LLP<br>1251 Avenue of the Americas<br>New York, NY 01002-1104<br>212-835-6000 |
| | **Deirdre A. Martini**<br>Ivey, Barum & O'Mara, LLC |

170 Mason Street
Greenwich, CT 06830
203-661-6000

**Check Box Below** to Select Docketed Item(s)

Click to Order Documents Now

---

☐   5/20/02   1   Voluntary Petition missing documents:  Schedul
2016(b) Statement , Disclosure statement due 9/
Chapter 11 Plan due 9/17/02 ; Proof of Claim (go
11/18/02  ( Filing Fee $ 800.00 Receipt # 12902
[EOD 07/25/02] [02-50811]

---

☐   5/20/02   --   Administrative Fee Paid ( Fee $ 30.00  Receipt #
(sds) [EOD 07/25/02] [02-50811]

---

☐   5/20/02   --   This case was TRANSFERRED from the Southern Dist
York to Bridgeport, CT by Order of Judge Alan S
6/18/02.  Document numbers 1-10 were filed elec
when the case was pending in the Southern Distr
York and therefore contain no original signatur
[EOD 08/01/02] [02-50811]

---

☐   5/21/02   2   Affidavit Filed by Thomas R. Califano for Debto
Homes, Inc.  re: [1-1] Voluntary Petition, Boar
Resolution, Exhibit A, Amended 20 largest credi
verification of amended creditors. (slc) [EOD 0
[02-50811]

EXHIBIT B

## Tim Miltenberger

| | |
|---|---|
| **From:** | Tim [tmiltenberger@coanlewendon.com] |
| **Sent:** | Friday, March 28, 2003 4:31 PM |
| **To:** | 'birney@halloran-sage.com'; Deirdre Martini (E-mail); Ronald I. Chorches (E-mail) |
| **Cc:** | Carol Felicetta (E-mail) |

Patrick, Deirdre & Ron:

Attached please find a First Amended Pretrial Order to govern the proceedings on Piper Rudnick's motion to appoint a chapter 11 trustee.  The first amended pretrial order is necessary to reflect an agreement between OPP and Piper that (a) OPP will produce the documents and answer the interrogatories from Piper on April 2, (b) Mr. Smith will be deposed on April 15, 2003 (Patrick -- I have confirmed this date with Mr. Smith), and (c) the discovery bar date will be extended to April 21, 2003 so that Piper may retain its April 23, 2002 hearing date (Patrick -- its the 23rd, not the 28th as we thought on the phone earlier today).

If any of you have any questions or concerns with the amended pretrial order, please contact me and Patrick Birney or Howard Schrader as soon as possible.  By a copy of this e-mail, I am advising Attorney Felicetta of the status of this matter.  If she wishes to become involved in the motion to appoint a trustee, I request that she call me and Patrick Birney or Howard Schaeder as soon as possible.



Amended Pretrial
Order.wpd

Tim Miltenberger
Coan, Lewendon
E-mail:  tmiltenberger@coanlewendon.com

The information in this electronic message is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of the information contained herein is strictly prohibited.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| BRITESTARR HOMES, INC., | Bankruptcy Case No.: 02-50811(AHWS) |
| Debtor. | |

| | |
|---|---|
| PIPER RUDNICK, LLP | Docket I.D. No. 29 |
| Movant, | |
| V. | TRIAL DATE: April 23, 2003 |
| BRITESTARR HOMES, INC., OAK POINT PROPERTY, INC., and RONALD CHORCHES, TRUSTEE | |
| Respondents. | April 2, 2003 |

## FIRST AMENDED PRETRIAL ORDER FOR
## MOTION TO APPOINT CHAPTER 11 TRUSTEE

**APPEARANCES:**

| | |
|---|---|
| Howard Schrader | Attorney for Movant, Piper Rudnick LLP |
| Deirdre A. Martini | Attorney for Respondent, Britestarr Homes, Inc. |
| Timothy D. Miltenberger | Attorney for Resondent, Oak Point Property, Inc. |
| Ronald I. Chorches, Trustee | Pro Se |

1

1.   DISCOVERY

Unless otherwise ordered, all discovery shall be completed and closed by April 21, 2003 (the "Discovery Bar Date").

2.   TRIAL MEMORANDA

Unless ordered by the court, no pretrial or post trial memoranda shall be filed. All memoranda that are ordered by the court shall be no longer than ten pages (double spaced on 8 1/2" X 11" paper with 12 pt. font) and shall be exchanged and filed with two copies delivered to chambers no later than the date ordered. A certificate of service shall be filed with each memorandum.

3.   WITNESSES AND EXHIBITS

(a) A list of witnesses with a short statement of the testimony of each and a list of exhibits shall be exchanged and filed, with *two* copies delivered to chambers no later than 10 days after the Discovery Bar Date. A copy of each exhibit, corresponding to the appropriate exhibit list, shall be echanged but not filed or delivered to chambers. In complying with this paragraph, plaintiff's / movant's exhibits shall be marked alphabetically, and defendant's / respondent's exhibits shall be marked numerically. A party may not call a witness who is not on that party's list of witnesses.

(b) No witness may testify and no exhibits shall be admitted into evidence unless there has been compliance with the paragraph. No expert witness may testify unless a detailed, signed statement of that expert's opinion has been exchanged, filed, and delivered to chambers no later than 10 days after the Discovery Bar Date.

(c) At the commencement of trial, each party shall deliver to the court *three* copies of each exhibit exchanged pursuant to this paragraph.

2

(d) The filing of lists of witnesses and exhibits and experts' reports in compliance with this paragraph shall be accompanied by a certification of service.

4.   TRIAL CONFIRMATION

THE PLAINTIFF / MOVANT SHALL ASCERTAIN WHETHER IT IS LIKELY THAT THE TRIAL WILL PROCEED AS SCHEDULED AND SHALL REPORT THAT INFORMATION TO THE JUDGE'S CHAMBERS THE FRIDAY BEFORE THE TRIAL DATE.

5.   SETTLEMENT CONFERENCE

If appropriate, the court will conduct a pretrial conference at which an attempt will be made to settle the controversy or narrow the issues.  Counsel shall attend fully authorized to make a final demand or offer and shall either be accompanied by the person or persons authorized or competent to accept or reject a settlement proposal or such persons shall be available by telephone.


CONSENT:

For Piper Rudnick, LLP

_____ (date _____)
Howard Schrader


For Britestarr Homes, Inc.

_____ (date _____)
Deirdre A. Martini


3

For Oak Point Property, Inc.


_____ (date _____)
Timothy D. Miltenberger



For Ronald I. Chorches, Trustee


_____ (date _____)
Ronald I. Chorches, solely in his capacity as
trustee



Dated:                                    _____
                                          Alan H.W. Shiff
                                          United States Bankruptcy Judge

4

EXHIBIT C

**Tim Miltenberger**

**To:**              birney@halloran-sage.com
**Subject:**         Pretrial Order

Patrick:

Confirming our conversation of yesterday morning, I am waiting to hear from you regarding the revised pretrial order I forwarded to you last Friday.

Tim Miltenberger
Coan, Lewendon
E-mail:  tmiltenberger@coanlewendon.com

The information in this electronic message is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of the information contained herein is strictly prohibited.

## Tim Miltenberger

**From:** Birney, Patrick M. [Birney@halloran-sage.com]
**Sent:** Thursday, April 03, 2003 10:12 AM
**To:** 'Tim'
**Subject:** RE: Pretrial Order


Tim,

Either Howard or I will call you, re: the revised pretrial and your
questions regarding the New Jersey motion.

PMB

-----Original Message-----
From: Tim [mailto:tmiltenberger@coanlewendon.com]
Sent: Thursday, April 03, 2003 8:45 AM
To: birney@halloran-sage.com
Subject: Pretrial Order


Patrick:

Confirming our conversation of yesterday morning, I am waiting to hear from
you regarding the revised pretrial order I forwarded to you last Friday.


Tim Miltenberger
Coan, Lewendon
E-mail:  tmiltenberger@coanlewendon.com

The information in this electronic message is legally privileged and
confidential information intended only for the use of the individual or
entity named above.  If the reader of this message is not the intended
recipient, you are hereby notified that any dissemination, distribution or
copy of the information contained herein is strictly prohibited.

EXHIBIT D

## COAN, LEWENDON, GULLIVER & MILTENBERGER, LLC

ATTORNEYS AT LAW

495 ORANGE STREET

NEW HAVEN, CONNECTICUT 06511

RICHARD M. COAN
CARL T. GULLIVER
WHITNEY M. LEWENDON
TIMOTHY D. MILTENBERGER

TELEPHONE
(203) 624-4756
TELEFAX
(203) 865-3673

## FACSIMILE TRANSMISSION

Confidentiality Note

The information in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this fax is strictly prohibited. If you have received this fax in error, please immediately notify the sender listed below at 203-624-4756, and return the original message to us at the address above via the United States postal service. Thank you.

| FACSIMILE TO:<br><br>Patrick Birney, Esq. | FACSIMILE NUMBER:<br><br>(860) 548-0006 |
|---|---|
| NUMBER OF PAGES:   26 | DATE: April 4, 2003 |

FROM: Timothy D. Miltenberger

MESSAGE:  In re Britestarr Homes, Inc.

Patrick:

A supplemental production is attached.  I never heard back from you or Howard about the pretrial order.  Howard called today, and I returned the call, but we never spoke.  (?)

Tim

RECEIVER:     IF THERE IS A PROBLEM RECEIVING THIS FACSIMILE, PLEASE CALL THE SENDER AT (203) 624-4756

EXHIBIT E



Yahoo! Maps

Back to Map

⭐ **250 Neptune Cir, Brick, NJ 08723-7520**



**When using any driving directions or map, it's a good idea to do a reality check and make sure the road still exists, watch out for construction, and follow all traffic safety precautions. This is only to be used as an aid in planning.**

Copyright © 2003 Yahoo! Inc. All rights reserved.
Privacy Policy - Terms of Service - Copyright Policy - Yahoo! Maps Terms of Use - Help - Ad Feedback

EXHIBIT F

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT


In Re                         *
                              *
      BRITESTARR HOMES,        *   Case No.  02-50811
                              *
              Debtor.          *   Bridgeport, Connecticut
                              *   January 14, 2003
                              *

*  *  *  *  *  *  *  *  *  *  *  *  *

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE ALAN H.W. SHIFF
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Britestarr Homes:        Ivey, Barnum and O'Mara
                             BY:  DEIRDRE A. MARTINI, ESQ.
                             170 Mason Street
                             Greenwich, CT  06830

For Piper Rudnick, LLC:      Halloran & Sage
                             BY:  PATRICK M. BIRNEY, ESQ.
                             One Goodwin Square
                             Hartford, CT  0601

                             Piper Rudnick, LLC
                             BY:  HOWARD SCHRADER, ESQ.
                             1251 Avenue of the Americas
                             New York, NY  11020

For Oak Point Property:      Coan Lewendon Gulliver &
                                Miltonberger
                             BY:  TIMOTHY MILTENBERGER, ESQ.
                             495 Orange Street
                             New Haven, CT  06511

For the Chapter 11 Trustee:  RONALD CHORCHES, ESQ.
                             1010 Wethersfield Avenue, #305
                             Wethersfield, CT  06114


Proceedings recorded by electronic sound recording,
       transcript produced by transcription service.

Christine Fiore
Fiore Transcription Service
67 Elaine Drive
Shelton, Connecticut 06484 (203)929-9992

2

For the U.S. Trustee:          STEVEN MACKEY, ESQ.
                               U.S. Trustees Office
                               265 Church Street, Suite 1103
                               New Haven, CT  06510

For the Internal Revenue       ANN NEVINS, ESQ.
  Service:                     Asst. United States Attorney
                               915 Lafayette Blvd.
                               Bridgeport, CT  06604

Court Recorder:                MS. DARLENE BYRD

OTHER APPEARANCES:             MR. DAVID NORKIN

                               MR. KEITH HARTLEY

1    property

2            THE COURT:    Is there a Chapter 11 creditor's

3    committee.

4            MS. MARTINI:    Not yet, Your Honor.

5            THE COURT:  Mr. Mackey, what's the progress on that?

6            MR. MACKEY: Your Honor, we have not called an ABB

7    meeting as of yet on that matter. There's been a solicitation

8    that has gone out, I believe, and a response did not warrant

9    forming a committee at that time.

10           We are contemplating doing it again after we get the

11    issue that's presently before the Court --

12           THE COURT:    Well, Mr. Hartley may be interested in

13    being on the creditors committee.

14           MR. MACKEY: Understandably he would, Your Honor, but

15    he may not be if he has a two and a half percent interest in the

16    company. If that's an equity interest, we'll have to look at

17    that and see.

18           THE COURT:    I don't know what kind of interest he's

19    claiming and I don't know whether he's claiming a benefit of a

20    contract which is going to be assumed, rejected. All I know at

21    this point is that the narrow focus of my attention today is

22    whether or not under 327 an appointment should be made when the

23    opposition comes from the entity's former attorney.

24           Now, Mr. Miltenberger says they'll still be attorneys

25    of record because they haven't been given permission to

42

1    withdraw.  Then he points out that it seems that they're wearing

2    two hats because they have a claim against the debtor, so they

3    say they are a creditor of the debtor. Mr. Schrader pointed that

4    out early in this hearing.

5          He's a creditor of the debtor but he has not been

6    given permission to withdraw as attorney for the debtor.  So

7    there is a conflict, it seems to me, unless there is a waiver

8    of the fee and if that's the case, then he's not a creditor.

9          But that's neither here nor there. The point I've got

10    to find in order to sustain the objection is an actual conflict

11    of interest. The case law is well known to all of us.

12          So far I've given everybody that is in the room that

13    wants to speak on the subject an opportunity to speak. Is there

14    someone else that I haven't heard yet?

15          MR. SCHRADER:   Well, Your Honor, it's our position

16    that the materially adverse standard -- rather, the directly

17    adverse standard of the rules of professional conduct applies

18    rather than the conflict of interest rule, and I raise the

19    question if Mr. Hartley had clearly and unambiguously objected

20    on October 26th to Ms. Martini representing the debtor while

21    representing him, would anybody here argue that she could

22    represent both the debtor and Mr. Hartley?

23          THE COURT:   That's an interesting hypothetical, but

24    it isn't borne out by any facts that are before me.

25          MR. SCHWARTZ: Well, there have been no facts properly